## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————— )
CHERYL TRACY, *et al.*                              )
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                       )        Civil Action No. 19-0190 (BAH)
                                                    )
LEILA C. SWANSON, *et al.*,                          )
                                                    )
                    Defendants.                     )
—————————————————————————— )

## MEMORANDUM OPINION

The plaintiffs, Cheryl Tracy ("Tracy") and LCS Outreach Ministries, Inc. ("LCS Ministries"), initiated this lawsuit raising breach of contract and negligence claims against four individuals who allegedly effected the fraudulent transfer of real property in Martinsburg, West Virginia. *See* Compl. ¶¶ I.A., II.B., III, ECF No. 1. Two of those four defendants, Kimberly C. McGarrah ("McGarrah") and David D. Pill, Esq. ("Pill"), have filed motions to dismiss the complaint. *See* Def. McGarrah's Mot. to Dismiss, ECF No. 9; Def. Pill's Mot. to Dismiss ("Pill MTD"), ECF No. 10. Shortly thereafter, the Court issued an order advising Tracy of her obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. Order (April 19, 2019), ECF No. 14. Specifically, the Court notified Tracy that, if she failed to file an opposition or other response to the defendants' dismissal motions by May 10, 2019, the pending motions would be resolved without the benefit of her position. To date, Tracy has not filed an opposition to the motions, requested more time to file her oppositions, or advised the Court of any change of address.

Although defendants' motions are unopposed, the Court declines to grant the motions as conceded. *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016). At the same time, however, review of the complaint and defendants' motions demonstrates that Tracy cannot represent the interests of LCS Ministries and has failed to allege sufficient facts to show her standing to sue. Accordingly, the complaint and this civil action are dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

According to Pill, in his sworn declaration, defendant Lelia C. Swanson ("Swanson") retained him in February 2018 "to deed a parcel of real property located at 623 West King Street, Martinsburg, West Virginia (the 'Property') to a man she identified as her son, Michael Richard Bien-Aime." Pill MTD, Ex. 1, Pill Decl. ¶ 2, ECF No. 10-1. Pill prepared a deed, which he recorded on March 2, 2018. *Id.* ¶ 5; *see id.*, Ex. B. In June 2018, Swanson notified Pill "that she forgot that she had previously deeded the Property from herself individually to her charity, LCS Outreach Ministries, Inc., a West Virginia corporation." *Id.* ¶ 6; *see id.*, Ex. C. Upon Swanson's instructions and representation "that she was the President of LCS Outreach ministries, Inc. [with] the authority to transfer the Property," *id.* ¶ 8, Pill prepared a deed for the transfer of the property from LCS Ministries to Bien-Aime, *id.* ¶ 9; *see id.*, Ex. D. Pill recorded the deed on June 15, 2018. *Id.* ¶ 9. At no time did Swanson instruct Pill to conduct a title search or lien search regarding the Property. *Id.* ¶¶ 3, 7.

Tracy sets forth the basis of her claims in a single paragraph, alleging in full that:

> Each defendant took part in the fraudulent sale of a property not
> owned by the Swansons and/or were negligent in their [sic] duties
> to investigate and take reasonable actions required when notified of
> the unlawful deed recording. Defendant Swansons hired defendant
> Pill to sell property knowing that they had no rights. And Defendant

> Pill was negligent in his duties by preparing and recording a
> fraudulent Deed on March 2, 2018 without lien holder research. The
> lien holder of said property is BB&T Bank and defendant McGarrah
> took no action to rectify this unlawful act. When plaintiff informed
> defendant McGarrah that the property located at 623 West King
> Street was sold, she was negligent in her duties to take action on
> behalf of the mortgage payer.

Compl. ¶ III. As a result of defendants' actions, Tracy claims to have sustained "[d]amages . . .

includ[ing] loss of management and access of property, loss of revenue for rental property and

ability to provide housing for the homeless." *Id*. ¶ IV. She purports to bring this action on

behalf of herself and LCS Ministries, *see id*. ¶ II.B., and demands compensation of $100,000

from each defendant plus punitive damages of $400,000, *id*. ¶ II.B.3.

## II. DISCUSSION

For the reasons summarized below, this lawsuit may not go forward on the present

record.

### A. THE COURT DISMISSES LCS MINISTRIES AS A PARTY PLAINTIFF

Two plaintiffs are named in this case: Tracy, an individual, and LCS Ministries, a

corporation. Tracy does not hold herself out as an attorney licensed to practice law in this Court.

She may represent her own interests, *see Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C.

Cir. 1984), but not those of LCS Ministries, *see Rowland v. California Men's Colony, Unit II*

*Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (noting that "[i]t has been the law for the

better part of two centuries . . . that a corporation may appear in the federal courts only through

licensed counsel"). Tracy is well aware of this, as the absence of counsel to represent LCS

Ministries in a prior civil action was the basis for dismissing the organization as a party plaintiff.

*See Tracy v. Kratovil*, No. 18-CV-2688, 2019 WL 1901295, at *2 (D.D.C. Apr. 29, 2019),

*appeal docketed*, No. 19-7046 (D.C. Cir. May 23, 2019). The Court therefore dismisses LCS

Ministries as a party plaintiff.

## B. TRACY FAILS TO ESTABLISH THE COURT'S JURISDICTION

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Tracy asserts diversity of citizenship as the basis for this Court's jurisdiction. *See* Compl. ¶ II.B. She represents that she is a citizen of the District of Columbia, that Pill, McGarrah and Larry C. Swanson are citizens of West Virginia, and that Lelia C. Swanson is a citizen of Maryland. *See id.* ¶¶ I.B., II.B.2. With a $400,000 demand for damages, Tracy's claim exceeds the threshold amount in controversy. Proper exercise of the Court's jurisdiction depends on more than meeting the requirements of § 1332, however.

"Article III of the Constitution grants the federal courts the power to decide legal questions only in the presence of an actual 'Cas[e]' or 'Controvers[y].'" *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016). "Standing to sue . . . is an aspect of the case-or-controversy requirement." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (citation omitted). A plaintiff has standing if she "shows that [she] has suffered an injury in fact, that the injury is fairly traceable to the conduct being challenged, and that the injury will likely be redressed by a favorable decision." *Wittman*, 136 S. Ct. at 1736 (citation and internal quotation marks omitted). It is plaintiff's burden to demonstrate standing, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and the Court must satisfy itself that "the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant [her] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).

Tracy has standing to sue only if she sustained an "injury in fact," meaning "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, actual or imminent, not conjectural or hypothetical," *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted), arising from the sale or transfer of the Property. Tracy's position with respect to LCS Ministries is unclear, and nothing in the complaint suggests that Tracy is authorized or otherwise competent to act on behalf of LCS Ministries. Nor does the complaint allege that Tracy herself has or had a legal interest in the Property. As a result, Tracy cannot show an injury traceable to defendants' conduct which might be remedied with a favorable decision in this lawsuit. This "defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), which warrants dismissal of this case.

Pill and McGarrah raise alternative bases for dismissal of the complaint, such as improper service of process and lack of personal jurisdiction. *See, e.g.*, Def. David D. Pill, Esq.'s Mem. of P. & A. in Support of his Mot. to Dismiss at 6-12 (arguing that the Court lacks personal jurisdiction, that venue is improper, and that service of process was insufficient); Mem. of P. & A. in Support of McGarrah's Mot. to Dismiss at 4 (arguing that the complaint fails to allege a negligence claim). While their arguments have merit, they need not be addressed to resolve this case. Having concluded that the Court lacks subject-matter jurisdiction, this case must be dismissed. Fed. R. Civ. P. 12(h)(3).

**III. CONCLUSION**

The plaintiff lacks standing, thus depriving this Court of subject matter jurisdiction. Therefore, defendants' motions to dismiss will be granted, and the complaint in this civil action is dismissed as to all defendants.  An Order is issued separately.

DATE: June 20, 2019                               /s/ *Beryl A. Howell*

BERYL A. HOWELL
Chief Judge